865 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Otto TAYLOR, Plaintiff-Appellant,
v.
The PROCTER & GAMBLE PAPER PRODUCTS COMPANY, Defendant-Appellee.
 No. 88-1248.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1988.
 
 Before KENNEDY, RALPH B. GUY, Jr., and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Otto Taylor appeals the District Court's summary judgment in favor of defendant-appellee, The Procter & Gamble Paper Products Company (P & G), in this breach of employment contract action. The District Court held that, although a factual issue was presented on whether plaintiff's employment contract required "just cause" for termination, see Toussaint v. Blue Cross & Blue Shield of Michigan, 408 Mich. 579 (1980), the evidence was uncontroverted that P & G did have just cause. It also found that plaintiff failed to produce evidence to show a legitimate expectation that his duties would remain unchanged. We affirm.
 
 
 2
 P & G employed Taylor at its Cheboygan, Michigan plant from 1966 until 1984. After starting out as an hourly paid member of a collective bargaining unit, plaintiff was promoted to first-level management as a "team manager" in 1968, a salaried, nonunion position. He remained a team manager during his remaining years with P & G, although he was assigned to different departments within the plant.
 
 
 3
 In 1976, P & G introduced a new work system known as the Technician System ("Tech System"). Under the Tech System, team managers had a much greater role in setting team production goals, and acting as "coaches" rather than "bosses" in meeting those goals. Taylor received training in the new system, but did not adjust to it. He received poor performance appraisals in 1981 and 1983. In addition, a Salary Review Evaluation placed his performance as a "2" on a scale of "9", with a "1" being the lowest possible rating.
 
 
 4
 The February 1983 Performance Appraisal identified serious deficiencies in seven of ten categories. Ranks, Taylor's manager, requested an Improvement Plan. As of June 30, 1983, Taylor still had not submitted the Plan, and Ranks sent him a memo with a new two-week deadline, which Taylor also failed to meet. In October 1983, Taylor met with the plant manager and Ranks to discuss his poor performance. He did not dispute his poor appraisals, and was informed that he would be terminated if his performance did not improve. His team's production performance was "consistently at the bottom" in the plant.
 
 
 5
 Taylor's deposition testimony does not really dispute P & G's evaluation of his performance. He admitted that he never fully adjusted to the Tech System, and that his job performance was perceived to be unsatisfactory. It is undisputed that he failed to submit an Improvement Plan, that he failed to submit at least some of Ranks' requested bi-weekly reports, and that he refused to hold team member meetings because he disagreed with Ranks as to their necessity.
 
 
 6
 The above evidence indicates no genuine issue of material fact, see Rule 56(c), Fed.R.Civ.P., over whether P & G had just cause to terminate Taylor. Plaintiff refers to deposition testimony of Taylor's fellow workers in which they stated "that [none of them] had any problems nor could they determine any deficiency in Plaintiff-Appellant's performance and, in fact, all of them indicated that they did not know why he was terminated and complimented him on his exemplary safety record." However, none of these fellow workers either supervised Taylor or evaluated his performance. His poor evaluations were not based on his safety record; rather, they were based on his failure to adjust to P & G's Tech System and on his team's poor production record. Plaintiff urges, "The entire salary rating evaluation must be reviewed by the Court for a full understanding of the posture taken by the Defendant-Appellees in this matter as to just cause for termination." Plaintiff's Brief at 3. We have done so, and find the evidence uncontroverted that Taylor's unsatisfactory job performance under the Tech System led to his just cause termination.
 
 
 7
 The District Court also stated, "Defendant had a perfect right to increase the efficiency of its plant by expanding the performance requirements for its managers, absent evidence from which the Court could conclude that plaintiffs had a legitimate expectation that the duties of managers would remain the same. Cf. Renny v. Port Huron Hospital, 427 Mich. 415, 428-29 (1986). No such evidence was presented." Since 1968, plaintiff has been a member of management. He was not covered by a collective bargaining agreement, nor did he sign a separate employment contract with P & G.
 
 
 8
 The only possibility of Taylor having a legitimate expectation that P & G could not change its work system or his job requirements would be if they agreed to this in various policy manual statements. Plaintiff cites two "Operating Principle" policy statements to support this proposition: "10. Security of employment is of mutual advantage to employees and the Company," and "12. Individuals need economic security in case of disability, death, and retirement." These statements do not, however, speak as to whether P & G can change its work system for efficiency reasons. Such changes are covered by Operating Principle 8, which states: "8. Planned, constructive change is necessary for the continuing improvement of the business." P & G's Tech System is such a change. Taylor could not have had a legitimate expectation that P & G would not change his job requirements. The uncontroverted evidence is that plaintiff's termination resulted from a failure to adapt to these changes.
 
 
 9
 We agree with the District Court that no genuine issue of fact exists over P & G's termination of Taylor for just cause. In addition, Taylor could not have had a legitimate expectation that P & G would not change the work system or his duties under that system. The District Court's entry of summary judgment is therefore AFFIRMED.